IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MARTIN ARMENDARIZ, | § § § | |
| Plaintiff, | § § | |
| v. | § § | EP-15-CV-00020-DCG |
| BANK OF AMERICA, N.A.; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for the Holders of GSAMP 2005–AHL Mortgage Pass–Through Certificates, Series 2005–AHL; JACK O'BOYLE; JACK O'BOYLE & ASSOCIATES; CHRISTOPHER S. FERGUSON; BARRETT DAFFIN FRAPPIER TURNER & ENGEL LLP; and DOES 1 through 15, inclusive, | § § § § § § § § § § § § § | |
| Defendants. | § § | |

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

Presently before the Court are three motions to dismiss. Defendants Jack O'Boyle & Associates, Christopher S. Ferguson, and Jack O'Boyle (collectively "Attorney Defendants") filed a "Motion to Dismiss Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)" ("O'Boyle Motion") (ECF No. 9) on February 20, 2015. Defendants Bank of America, N.A. ("BANA"), and Deutsche Bank National Trust Company, as Trustee for the Holders of GSAMP 2005–AHL Mortgage Pass–Through Certificates, Series 2005–AHL ("Deutsche Bank" and collectively with BANA, "Bank Defendants"), filed a "Motion to Dismiss Plaintiff's Complaint and Brief in Support" ("BANA Motion") (ECF No. 10) on March 2, 2015. Defendant Barrett Daffin Frappier Turner & Engel LLP ("BDFTE")[1] filed a "Motion to Dismiss, and Brief in Support" ("BDFTE Motion") (ECF No. 19) on March 27, 2015. Plaintiff Martin Armendariz

---

[1] The Court refers to the Attorney Defendants, the Bank Defendants, and BDFTE collectively as "Defendants."

("Plaintiff") filed at least one response to each motion. *See* ECF Nos. 15, 17–18, 33–34. After due consideration of the motions, the responses, and the applicable law, the Court enters the following order.

## I. BACKGROUND

The Court has discerned the following factual allegations from the Complaint and documents referenced in or attached to the Complaint.[2] On December 14, 2004, Plaintiff obtained a $483,000 home equity loan (the "Loan") from Accredited Home Lenders, Inc. ("AHL"). *See* BANA Mot., Ex. A ("Note"). The Loan was evidenced by a Note, and secured by a first lien on the property located at 19 Garnet Crest Way, El Paso, Texas 79902 (the "Property"). *See* BANA Mot., Ex. B ("Security Instrument"); Compl. 3–4. The Security Instrument identifies Plaintiff and his wife, Anna J. Allen ("Allen"), as "Borrower[s]," and AHL as the "Lender." *See* Security Instrument 1. The Security Instrument further identifies the Mortgage Electronic Registration System ("MERS") as the "nominee for Lender and Lender's successors and assigns" and as "the beneficiary under [the] Security Instrument." *See* Security Instrument 1. While both Plaintiff and Allen signed the Security Instrument, only Plaintiff signed the Note. *Compare* Security Instrument 14, *with* Note 5.

On October 8, 2009, MERS assigned both the Note and the Security Instrument to Deutsche Bank. *See* Compl. 8; Compl., Ex. C (the "Assignment"). The Assignment was recorded in the Official Public Records of Real Property in El Paso County, and is attached as an exhibit to Plaintiff's Complaint. *See* Compl. 8; Assignment. At some point following the Assignment, Plaintiff alleges that BANA contacted him and Allen, and advised them to stop

---

[2] "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)); *accord In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

making monthly payments on the Loan pending a modification agreement. *See* Compl. 4. Plaintiff alleges that BANA refused to modify the Loan in bad faith, and instead "began the foreclosure process." *See id.* While Plaintiff does not provide a date or even a general time period for the foreclosure, it is clear that one or both of the Bank Defendants eventually foreclosed on the Property. *See id.* at 9, 26. On June 4, 2013, Deutsche Bank purchased the Property at a foreclosure sale, and was granted a Substitute Trustee's Deed. *See* BANA Mot., Ex. D (the "Substitute Trustee's Deed").

On January 30, 2015, Plaintiff initiated this action challenging the propriety of the Bank Defendants' foreclosure and asserting various causes of action under federal and state law. Specifically, Plaintiff alleges that Defendants violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*, Compl. 1, 12–17, and that Defendants are liable for breach of a fiduciary duty and for common law fraud, *id.* at 20–22. Plaintiff additionally pleads, exclusively against the Attorney Defendants, a claim for intentional infliction of emotional distress ("IIED"). *See id.* at 26. Plaintiff further seeks an order quieting title in the Property and declaring the Bank Defendants' foreclosure void. *See id.* at 25. Plaintiff also seeks to prosecute this case as a class action pursuant to Federal Rule of Civil Procedure 23. *See id.* at 17–20.[3] In their motions, the Defendants move to dismiss Plaintiff's Complaint under Federal Rule of Civil 12(b)(6) for failure to state a claim upon which relief can be granted. *See* O'Boyle Mot. 7; BANA Mot. 1; BDFTE Mot. 1.

---

[3] For reasons discussed below, the Court also construes Plaintiff's Complaint as alleging a violation of the Real Estate Settlement Procedures Act.

## II. LEGAL STANDARD

When faced with a Rule 12(b)(6) motion, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face" to survive a Rule 12(b)(6) motion. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A court generally accepts well–pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *See Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (citation omitted). But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *Id.* (citations omitted). Courts must consider the complaint in its entirety, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## III. DISCUSSION

### A. *The O'Boyle Motion and the BANA Motion*

The Attorney Defendants seek dismissal of Plaintiff's Complaint on the ground that the Complaint fails to state a claim for violation of TILA, breach of fiduciary duty, common law fraud, and IIED. *See* O'Boyle Mot. 12–19. Similarly, the Bank Defendants seek dismissal of Plaintiff's Complaint because Plaintiff's TILA claim is time–barred and Plaintiff's breach of

fiduciary duty and fraud claims do not state a cognizable claim for relief. *See* BANA Mot. 4–9. The Attorney Defendants and the Bank Defendants also allege that Allen initiated a federal lawsuit against them on November 21, 2014, with a complaint (the "Allen Complaint") virtually identical to Plaintiff's Complaint. *See* BANA Mot. 1 n.1; O'Boyle Mot. 8. On April 15, 2015, Judge Kathleen Cardone of the Western District of Texas, El Paso Division, dismissed Allen's claims with prejudice, with the exception of Allen's equitable action to quiet title in the Property and claims arising under the Real Estate Settlement Procedures Act ("RESPA"). *See generally Allen v. Bank of Am., N.A.*, No. EP–14–CV–429–KC, 2015 WL 1726986 (W.D. Tex. Apr. 15, 2015).

1. **Res Judicata**

The Allen Complaint differs from Plaintiff's Complaint in only one respect: Plaintiff's Complaint includes a request for class certification under Rule 23 that is absent from the Allen Complaint. *Compare* Compl., *with* Allen Complaint, *Allen v. Bank of Am., N.A.*, No. EP–14–CV–429–KC.[4] That difference notwithstanding, the Allen Complaint and Plaintiff's Complaint both sue the Attorney Defendants and the Bank Defendants, allege the same facts, and plead the same claims, practically verbatim. In the interest of judicial economy, the Court hereby finds Plaintiff's TILA, breach of fiduciary duty, common law fraud, and IIED claims against the Attorney Defendants and the Bank Defendants barred by the doctrine of *res judicata* for the reasons set forth below. *See Mowbray v. Cameron Cnty., Tex.*, 274 F.3d 269, 281 (5th Cir. 2001) (citation omitted) (recognizing that *res judicata* may be raised *sua sponte* by a court); *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980) (*per curiam*) (citations omitted) (holding that even though Federal Rule of Civil Procedure 8 denominates *res judicata* as an affirmative defense the

---

[4] The Allen Complaint is available as ECF No. 1 in the *Allen* case, Cause No. EP–14–CV–429–KC.

doctrine may be invoked *sua sponte* by a court "in the interest of judicial economy where both actions were brought before the same court").

"The preclusive effect of a prior federal court judgment is controlled by federal *res judicata* rules." *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000). *Res judicata* is appropriate if:

> 1) the parties to both actions are identical (or at least in privity); 2) the judgment in the first action is rendered by a court of competent jurisdiction; 3) the first action concluded with a final judgment on the merits; and 4) the same claim or cause of action is involved in both suits.

*Id.* "If these conditions are satisfied, all claims or defenses arising from a 'common nucleus of operative facts' are merged or extinguished." *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 (5th Cir. 2004) (citing *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663 (5th Cir. 1994)). "When two suits proceed simultaneously, as in this case, *res judicata* effect is given to the first judgment rendered." *Id.* at 500 (citing *Chicago, Rock Island & Pac. R.R. v. Schendel*, 270 U.S. 611 (1926)). The Court analyzes the four elements of *res judicata* below.

*a. The Parties*

The Attorney Defendants and the Bank Defendants were parties to the *Allen* action. Allen, however, did not explicitly name Plaintiff as a complainant in her case. Therefore, for the judgment in *Allen* to have preclusive effect in this action, Allen and Plaintiff must be in privity. "Privity is a 'legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application of the principle of preclusion.'" *Vines v. Univ. of La. at Monroe*, 398 F.3d 700, 706 (5th Cir. 2005) (quoting *Sw. Airlines Co. v. Tex. Int'l Airlines*, 546 F.2d 84, 95 (5th Cir. 1977)). Here, the dispute in *Allen* and the present action both concern Plaintiff and Allen's interest in the Property. The two complaints make this abundantly clear by referring to "plaintiffs" even though only a single plaintiff is named in each

action. *See, e.g.*, Compl. 3 (alleging that Defendants "raced at break neck speed towards foreclosure and eviction of the Plaintiffs from [the Property]"); Allen Compl. 19 ("[T]he plaintiffs are entitled to compensatory and punitive damages . . . ."); Security Instrument 1 (identifying Plaintiff and Allen as borrowers in a first lien instrument encumbering the Property). The Court therefore finds that the relationship between Plaintiff and Allen is sufficiently close to warrant application of preclusion principles. *See, e.g., Eubanks v. FDIC*, 977 F.2d 166, 170 (5th Cir. 1992) (finding privity between spouses where husband in the first suit was closely aligned to wife's interests so as to be her virtual representative). The first element of *res judicata* is therefore satisfied.

b. *Judgment on the Merits by a Court of Competent Jurisdiction*

The *Allen* court found that it had jurisdiction over the case based on the federal claims raised therein. *See Allen*, 2015 WL 1726986, at *16 n.12. That court then dismissed *all* of Allen's claims with prejudice, with the exception of her RESPA claims and her equitable action to quiet title in the Property. *See id.* at *18. A dismissal that is designated "with prejudice," as in *Allen*, constitutes an adjudication on the merits for purposes of *res judicata*. *See Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 n.8 (5th Cir. 1993)). The second and third elements of *res judicata* are therefore satisfied.

c. *Claims Raised in the Allen Case*

*Res judicata* bars consideration of those of Plaintiff's claims that were adjudicated on the merits by the *Allen* court. *See Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 (5th Cir. 2013) ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." (quoting *Federated Dep't*

*Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981))). The *Allen* court adjudged, on the merits, Allen's TILA, breach of fiduciary duty, common law fraud, and IIED claims against the Attorney Defendants and the Bank Defendants. Thus, the *Allen* judgment prevents Plaintiff from re–litigating the same claims against the same defendants. *Compare* Allen Compl. 12–23, *with* Compl. 12–26; *see also Allen*, 2015 WL 1726986, at *12–18 (dismissing "with prejudice" Allen's TILA, breach of fiduciary duty, common law fraud, and IIED claims). The fourth element of *res judicata* is therefore satisfied with respect to the aforementioned claims.

Having concluded that Plaintiff's TILA, breach of fiduciary duty, common law fraud, and IIED claims against the Attorney Defendants and the Bank Defendants are barred by the doctrine of *res judicata*, the Court considers Plaintiff's RESPA claims against these defendants.

## 2. RESPA

In addition to challenging the Bank Defendants' authority to foreclose, Plaintiff also asserts that the Bank Defendants failed to comply with certain statutory obligations. Specifically, Plaintiff asserts that the Bank Defendants "never brought forward evidence that they provided the proper notification regarding any alleged assignment of the note or specifically what rights were assigned, which is required under [the] Uniform Commercial Code." *See* Compl. 4.[5] Plaintiff further asserts that the Bank Defendants never responded to his "Qualified Written Request" demanding that they "exhibit the instrument." *See id.* at 7, 10. The Court

---

[5] Plaintiff never identifies the specific provision of the Uniform Commercial Code ("UCC") that he is relying upon in support of this statement of law. Instead, Plaintiff cites to *Kirby v. Palos Verdes Escrow Co.*, 183 Cal. App. 3d 57 (1986), a 1986 California Court of Appeal case which held that an escrow company with actual notice of an assignment was negligent in paying escrow funds to the assignor rather than the assignee. *See Kirby*, 183 Cal. App. 3d at 65–66. Notwithstanding the fact that *Kirby* was decided under California law, its holding plainly has no connection to any material issue in this case. Moreover, Texas' version of the UCC does not apply to "the creation or transfer of an interest in or lien on real property." *See* Tex. Bus. & Com. Code Ann. § 9.109(d)(11).

construes these allegations as invoking the protections set forth under RESPA, and addresses each of Plaintiff's contentions separately below.

*a. Notice of Assignment, Sale, or Transfer*

RESPA is a federal statute enacted "to insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country." 12 U.S.C. § 2601(a). Section 2605 of RESPA requires that both the "transferor" and "transferee" loan servicer notify a borrower in writing whenever the servicing of a borrower's mortgage is assigned, sold, or transferred from one entity to another. *See* § 2605(b)(1), (c)(1); *see also Lombardi v. Bank of Am.*, Civ. A. No. 3:13–CV–1464–O, 2014 WL 988541, at *17 (N.D. Tex. Mar.13, 2014). To state a claim under this provision, a plaintiff must allege actual damages resulting from the RESPA violation. *See* 12 U.S.C. § 2605(f); *Kareem v. Am. Home Mortg. Servicing, Inc.*, 479 F. App'x 619, 620 (5th Cir. 2012) (*per curiam*); *Lombardi*, 2014 WL 988541, at *17; *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 768–69 (N.D. Tex. 2012).

Here, Plaintiff's vague and conclusory allegations are insufficient to state a claim under RESPA for several reasons. At the outset, a careful reading of the Complaint reveals that Plaintiff is not even alleging that the Bank Defendants failed to timely notify him of the Assignment; rather, Plaintiff merely states that the Bank Defendants "never brought forward evidence" that they affirmatively complied with their obligations under the statute. *See* Compl. 4. Because RESPA does not require a loan servicer to "bring forward evidence" of its compliance absent any allegation of wrongdoing, Plaintiff's claim fails on this basis alone. *See*

*Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

Moreover, because RESPA imposes obligations solely upon loan servicers,[6] its notification provisions are only triggered if the servicing of a borrower's loan is transferred from one entity to another.[7] *See* 12 U.S.C. § 2605(b)(1), (c)(1) (imposing notification obligation only upon "servicer[s]" and "transferee servicer[s]"). Here, though it is undisputed that the Loan was assigned from MERS to Deutsche Bank on October 8, 2009, Plaintiff alleges no facts supporting an inference that the servicing of the Loan was ever transferred between different entities. As a result, Plaintiff fails to state a plausible cause of action under § 2605's notification provisions. *See Jones v. ABN Amro Mortg. Grp., Inc.*, 606 F.3d 119, 124–25 (3d Cir. 2010) (finding that mortgagees were not "servicers" under the terms of the loan and therefore could not as a matter of law incur liability under RESPA); *Daw v. Peoples Bank & Trust Co.*, 5 F. App'x 504, 505 (7th Cir. 2001) (*per curiam*) (holding that RESPA's notification provisions are not triggered where a loan assignment does not affect the servicing of a borrower's loan); *Newcomb v. Cambridge Home Loans, Inc.*, 861 F. Supp. 2d 1153, 1161 (D. Haw. 2012) ("RESPA governs the notice requirements where loan servicing is assigned, sold, or transferred, *see* 12 U.S.C. § 2605, but does not govern notice requirements where a note or mortgage is transferred.").

Finally, even assuming that there was a change in the servicing of the Loan, and even assuming that Plaintiff did not receive the required notification under RESPA, Plaintiff's claim

---

[6] RESPA defines "servicer" as "the person responsible for servicing of a loan . . . ." 12 U.S.C. § 2605(i)(2).

[7] Under RESPA, the term "servicing" is defined as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts described in section 2609 of this title," and "making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3).

still fails because the Complaint contains no facts explaining how this alleged violation impeded Plaintiff's ability to pay the mortgage, or otherwise caused Plaintiff to incur actual damages. *See Kareem*, 479 F. App'x at 620; *see also Hurd*, 880 F. Supp. 2d at 768–69 (dismissing a plaintiff's RESPA claim where the plaintiff failed to allege any facts supporting a reasonable inference that she suffered actual damages as a result of the servicer's failure to provide the required notice); *Akintunji v. Chase Home Fin., L.L.C.*, Civ. A. No. H–11–389, 2011 WL 2470709, at *2–3 (S.D. Tex. June 20, 2011) (same).

b. *Qualified Written Requests*

Section 2605(e) of RESPA provides that if a loan servicer receives a qualified written request from the borrower "for information relating to the servicing of [the borrower's] loan," the loan servicer must send a written response acknowledging receipt of the correspondence within five days, unless the requested action is taken before the five-day period expires. *See* 12 U.S.C. § 2605(e)(1)(A). Additionally, RESPA requires that the loan servicer take corrective action or otherwise substantively respond to the borrower's inquiry within thirty days of receiving the qualified written request. *See id.* § 2605(e)(2). Section 2605(e) defines a "qualified written request" as

> a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that . . . includes, or otherwise enables the servicer to identify, the name and account of the borrower; and [that] includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

*Id.* § 2605(e)(1)(B). To state a claim for a loan servicer's failure to respond to a qualified written request, a borrower must allege facts supporting an inference of actual damages. *See Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 F. App'x 833, 836 (5th Cir. 2014) (*per curiam*); *see also Steele v. Quantum Servicing Corp.*, Civ. A. No. 3:12–CV–2897–L, 2013 WL 3196544, at *6

(N.D. Tex. June 25, 2013); *Hurd*, 880 F. Supp. 2d at 768; *Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 627 (S.D. Tex. 2010).

To corroborate his RESPA allegations, Plaintiff attaches three substantially identical letters to the Complaint. *See* Compl., Ex. B. All three letters were sent by Plaintiff on February 12, 2014. *See id.*, Ex. B. Only one of these letters was sent to BANA, the actual loan servicer in this Case.[8] *See id.*, Ex. B. The letter Plaintiff sent to BANA reads as follows: "Please exhibit the Instrument for loan number 068893073 BANK OF AMERICA, NA, pursuant to UCC 3–501(b)(2). This is a Qualified Written Request submitted under the authority of Title 12 USC, Section 2605e." *Id.*, Ex. B at 2.

Accepting Plaintiff's allegations as true, and applying the standards discussed above, the Complaint fails to state a claim upon which relief may be granted, because the February 12, 2014, letter to BANA plainly does not constitute a qualified written request. Courts have consistently held that a borrower's written demand for the production of certain loan documents does not relate to the "servicing" of a loan, and therefore does not trigger a loan servicer's response obligations under the statute. *See Ward v. Sec. Atl. Mortg. Elec. Registration Sys., Inc.*, 858 F. Supp. 2d 561, 574 (E.D.N.C. 2012) (find that letter demanding copies of loan documents was "a communication challenging the validity of the loan and not a communication relating to the servicing of the loan as defined by statute"); *Junod v. Dream House Mortg. Co.*, No. CV 11-7035–ODW (VBKx), 2012 WL 94355, at *3–4 (C.D. Cal. Jan. 5, 2012) (finding that letter demanding, among other things, "a true and present copy of the promissory note and deed of trust" was not a qualified written request as contemplated under RESPA); *Liggion v. Branch Banking & Trust*, No. 1:11–CV–01133–WSD, 2011 WL 3759832, at *3 (N.D. Ga. Aug. 24,

---

[8] The other two letters were sent to BDFTE and Select Portfolio Servicing, Inc., respectively. *See* Compl., Ex. B. Plaintiff does not mention Select Portfolio Servicing, Inc., at any other point in the Complaint, and the entity is not named as a defendant in this case.

2011) ("Plaintiff's information document requests are not a proper qualified written request under RESPA because they do not relate to the servicing of the loan."); *Jones v. PNC Bank, N.A.*, No. 10–CV–01077–LHK, 2010 WL 3325615, at *2 (N.D. Cal. Aug. 20, 2010) ("A [qualified written request] must seek information relating to the servicing of the loan; a request for loan origination documents is not a [qualified written request]."); *see also Kelly v. Fairon & Assocs.*, 842 F. Supp. 2d 1157, 1160 (D. Minn. 2012) ("Requests for information pertaining to the identity of a note holder or master servicer do not relate to servicing.").

Additionally, like his previous RESPA claim, Plaintiff's claim arising under § 2605(e) fails because the Complaint contains no factual allegations that Plaintiff sustained actual damages as a result of BANA's alleged failure to respond to Plaintiff's February 12, 2014, letter. *See Whittier*, 594 F. App'x 836–37; *see also Steele*, 2013 WL 3196544, at *6–7; *Hurd*, 880 F. Supp. 2d at 768; *Bittinger*, 744 F. Supp. 2d at 627. Accordingly, for all these reasons, the Court dismisses Plaintiff's RESPA claims.

### 3. Equitable Action to Quiet Title

Plaintiff also seeks an order quieting title in the Property and declaring the Bank Defendants' foreclosure void. *See* Compl. 25. A suit to quiet title is an equitable cause of action to remove a cloud from the title of a property created by an invalid claim. *See Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). In order to prevail, a plaintiff must establish that: (1) she has an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable. *Hurd*, 880 F. Supp. 2d at 766 (citation omitted); *see also Wagner v. CitiMortgage, Inc.*, 995 F. Supp. 2d 621, 626 (N.D. Tex. 2014). "A plaintiff in a suit to quiet title must prove and recover on the strength of [her] own title, not the weakness of [her]

adversary's title." *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.); *see also Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied).

As discussed in detail above, the Complaint contains no facts that would allow the Court to infer that Plaintiff possesses superior title to the Property. Plaintiff does not allege that he is current on the mortgage payments, nor does Plaintiff deny that he defaulted on the Note. Plaintiff's unsupported attacks on the Bank Defendants' authority to foreclose are insufficient to survive a motion to dismiss. *See, e.g., Herrera v. Wells Fargo Bank*, N.A., Civ. A. No. H–13–68, 2013 WL 961511, at *9 (S.D. Tex. Mar. 12, 2013) (holding that a plaintiff's attacks on the mortgagee's authority to foreclose on the property are "not relevant" to a claim to quiet title); *Bell v. Bank of Am. Home Loan Servicing LP*, Civ. A. No. 4:11–CV–02085, 2012 WL 568755, at *7 (S.D. Tex. Feb. 21, 2012) (collecting cases). Accordingly, the Court dismisses Plaintiff's action to quiet title in the Property.

In sum, Plaintiff's TILA, breach of fiduciary duty, common law fraud, and IIED claims against the Attorney Defendants and the Bank Defendants are dismissed with prejudice under the doctrine of *res judicata*. Plaintiff's RESPA claims and equitable action to quiet title are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). For these reasons, the O'Boyle Motion and the BANA Motion are granted.

### B. The BDFTE Motion

Plaintiff sues BDFTE,[9] a law firm, based on the theory that the firm is independently liable for certain legal work it performed on behalf of its client, Deutsche Bank, because the firm "cannot establish [its] client's property interest in the note." *See* Compl. 6. The only other

---

[9] Although Allen sued BDFTE in her complaint, the *Allen* court dismissed the claims against that entity without prejudice for failure to effect service. *See Allen*, 2015 WL 1726986, at *18 n.13. Therefore, the principles of *re judicata* do not foreclose the present claims against BDFTE.

mention of BDFTE in the Complaint is the allegation that the "the signer of the Assignment appears to be an employee of [BDFTE] and not a MERS executive." *See id.* at 8. Plaintiff otherwise relies on general allegations against "defendants" to support his claims for relief. *See, e.g., id.* at 5 (stating that "Defendants must prove the possession of the note and mortgage was in compliance with the state statutes").

Global allegations of wrongdoing, however, are insufficient to state a claim for relief. *See, e.g., Washington v. U.S. Dep't of Hous. & Urban Dev.*, 953 F. Supp. 762, 770 (N.D. Tex. 1996); *see also Chyba v. EMC Mortgage Corp.*, 450 F. App'x 404, 406 (5th Cir. 2011) (*per curiam*); *Bittick v. JPMorgan Chase Bank, NA*, No. 4:11–CV–812–A, 2012 WL 1372126, at *7 (N.D. Tex. Apr. 18, 2012). Plaintiff must therefore specify what acts or omissions BDFTE committed that form the basis of any of Plaintiff's claims against that entity. *See Iqbal*, 556 U.S. at 678; *Ferrer*, 484 F.3d at 780. Because Plaintiff's allegations against BDFTE do not raise a right to relief above the speculative level, the Court dismisses these claims without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

## IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendants Jack O'Boyle & Associates, Christopher S. Ferguson, and Jack O'Boyle's "Motion to Dismiss Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)" (ECF No. 9) is **GRANTED**. With the exception of claims arising under the Real Estate Settlement Procedures Act, Plaintiff Martin Armendariz's claims against these defendants are **DISMISSED WITH PREJUDICE.**

**IT IS ALSO ORDERED** that Defendants Bank of America, N.A., and Deutsche Bank National Trust Company, as Trustee for the Holders of GSAMP 2005–AHL Mortgage Pass– Through Certificates, Series 2005–AHL's "Motion to Dismiss Plaintiff's Complaint and Brief in

Support" (ECF No. 10) is **GRANTED**. With the exception of claims arising under the Real Estate Settlement Procedures Act, Plaintiff Martin Armendariz's claims against these defendants are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Defendant Barrett Daffin Frappier Turner & Engel LLP's "Motion to Dismiss, and Brief in Support" (ECF No. 19) is **GRANTED**. Plaintiff Martin Armendariz's claims against this defendant are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's RESPA claims against all Defendants are **DISMISSED WITHOUT PREJUDICE.**

**IT IS LASTLY ORDERED** that Plaintiff Martin Armendariz **MAY** file a motion to amend the Complaint, to re–plead his RESPA claim and action to quiet title, in conformity with this Order. Failure to file such a motion **on or before June 1, 2015** will result in dismissal of this case without further notice to Plaintiff.

So ORDERED and SIGNED this 21ST day of May, 2015.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE